IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RICARDO CHILDRESS, #433105 | § § | |
| V. | § § | CIVIL ACTION NO. G-07-015 |
| NATHANIEL QUARTERMAN, Director<br>Department of Criminal Justice,<br>Correctional Institutions Division | § § § | |

**REPORT AND RECOMMENDATION**

    Before the Court is the application of Ricardo Childress for the issuance of a writ of habeas corpus. Childress challenges numerous disciplinary cases that occurred in 1992 and resulted in a loss of over 1000 good time days. He also seeks to have the instant Petition consolidated into civil action no. 05-467, a civil rights action filed in this court pursuant to 42 U.S.C. § 1983. Having reviewed Petitioner's application, this Court makes the following recommendation to the District Judge.

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), which provides that a petition must be filed within one year of the date upon which the state court judgment became final by the conclusion of direct review, Petitioner's claims are time-barred. The AEDPA's statute of limitations applies to all habeas petitions filed after the AEDPA went into effect. *Flanagan v. Johnson,* 154 F.3d 196, 199-200 (5th Cir. 1999). In the opinion of this Court, this limitations provision must also apply to habeas petitions attacking final prison disciplinary actions. *See In re Cain*, 137 F.3d 234 (5th Cir. 1998).

In cases where a Petitioner's conviction (disciplinary action) became final before the enactment of the AEDPA, as here, the one-year time limit runs from April 24, 1996, the date of the AEDPA's enactment. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Petitioner therefore had until April 24, 1997, to file his federal habeas petition. He failed to do so; his federal habeas claims are therefore time-barred by almost ten years.

For the aforementioned reasons, it is therefore the **RECOMMENDATION** of this Court that the petition for writ of habeas corpus of Ricardo Childress be **DISMISSED with prejudice as time-barred.**

The Court **FURTHER RECOMMENDS** that Petitioner's **request to consolidate the instant habeas petition into his existing civil rights action be DENIED**. The request is legally incognizable. If Petitioner seeks to amend his civil rights action, he must do so pursuant to Rule 15 of the Federal Rules of Civil Procedure.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner, who shall have until **February 22, 2007,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300</u>. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the  5th  day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge